(November 16, 1955.)

LAURA VAN HORNE, Appellant, *v.* FAROKH M. BHARUCHA, Respondent, et al., Defendant.

*Per Curiam.* Plaintiff was standing 38 feet off the edge of Route 20 at the intersection of the Argusville Road in Schoharie County and was there struck by a car driven by Farokh M. Bharucha which had been moving westerly in Route 20 and had gone off the road after it had come into collision at the intersection with a car driven by Howard W. Conklin.

Before the opening of the trial plaintiff had settled her case against Conklin, making due reservation of her right to continue against Bharucha. The verdict was for defendant-respondent.

Plaintiff argues on appeal that the verdict is against the weight of the evidence. But the jury was entitled to have accepted Bharucha's narrative of the accident, which was that Conklin came out of the Argusville Road and across Route 20 suddenly and without due regard for traffic on the main highway coming from his right.

Bharucha testified: " I was almost up to the intersection when I saw this car shoot out from my left. * * * he was increasing his speed steadily as he was coming along crossing Route 20. * * * he just held straight across." Conklin testified that he stopped his car before he entered the intersection, looked to his right before he started across, but did not see Bharucha's car. He said that he could see " approximately eight or nine hundred feet" to the east, but could see " [n]othing ".

This kind of an issue is one in which a jury customarily is allowed to draw the factual inferences it regards as warranted and we see no demonstrated basis in the record to justify our interference with the verdict on the weight of the evidence.

The court charged the jury without exception on the applicable rules and on the form of the verdict. In answer to the clerk's question as to its verdict the foreman announced: " We find the defendant Bharucha not guilty." The clerk then asked further whether the verdict was " not guilty, or no cause of action ", and the foreman added " We find no cause of action."

It is argued by appellant here that the jury was under a misapprehension about the verdict and "believed" that it was trying the defendant "for some punishable criminal violation". The jury itself corrected the form of its verdict in response to the second inquiry of the clerk and its form as then stated was unexceptionable.

The judge then asked a further question which clarified the situation. He said "as I stated to you at the time I charged you, your verdict would be either one of no cause of action in favor of the defendant or for the plaintiff in a sum of money, and I assume, Madame Foreman, you mean no cause of action, is that right?". To this the foreman answered "We do".

If plaintiff felt after all this, and the correction of the form of verdict to a proper form, that the jury was still under some misapprehension as to the problem with which it dealt she should have asked either for further instructions or that the jury be directed to deliberate further; or that other inquiries as to the form of verdict and the jury's understanding of what it was doing then and there be made.

No exception was taken and no request was entered and we see no ground to interfere with a verdict which, in its final form, was entirely proper. No such momentous consequences as the plaintiff seeks to impose from a mere error in form would be justified where all that was necessary to be done, or that plaintiff indicated she wanted done, was undertaken by the trial judge.

The judgment should be affirmed, with costs.

Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

Judgment affirmed, with costs.